UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GREGORY CURRAN | : | |
| | : | |
| VS. | : | CIVIL ACTION NO. |
| | : | |
| MARIS RICHARDS, | : | |
| a/k/a MARIS COTTA | : | AUGUST 31, 2019 |

## **COMPLAINT**

1. This is an action to redress the deprivation of rights secured to the plaintiff by the Constitution and laws of the United States and the State of Connecticut.

2. Jurisdiction of this court is invoked under the provisions of Sections 1331, 1343(3) and 1367(a) of Title 28 and Sections 1983 and 1988 of Title 42 of the United States Code.

3. The plaintiff is an adult citizen of the United States who resides in Ridgefield, Connecticut. At all times mentioned herein, he was a sentenced inmate in the custody of the Connecticut Department of Correction serving a sentence for motor vehicle offenses at the Willard Cybulski Correctional Institution in Enfield, Connecticut.

4. During all times mentioned in this complaint, the defendant was a

1

Correctional Counselor employed by the Connecticut Department of Correction at the Willard Cybulski Correctional Institution in Enfield, Connecticut. She is sued only in her individual capacity.

5. During all times mentioned in this Complaint, the defendant was acting under color of law, that is, under color of the constitution, statutes, laws, rules, regulations, customs and usages of the State of Connecticut.

6. In November 2016, and on numerous occasions thereafter up to and including the month of March 2017, the defendant intentionally and maliciously refused to permit the plaintiff to speak by telephone with his attorney concerning the plaintiff's sentence and efforts to obtain an early release. Because the plaintiff repeatedly complained about this unlawful interference with his attorney communications, the defendant maliciously retaliated against him by attempting to have him removed from participation in addiction recovery programs.

7. On or about May 23, 2017, the plaintiff learned that he was eligible for release into home confinement, provided that he had a sponsor. The plaintiff's former spouse agreed to be that sponsor. The defendant, however, falsely and maliciously told her of "rules" which did not exist, such as:

    A.    That she would be "financially and legally responsible" for the plaintiff;

    B.    That the plaintiff would be "under house arrest" and unable

        to leave the house;

C.     That parole officers would constantly be visiting and searching the house at all hours;

D.     That the plaintiff's "house arrest" would last until July 2018 and that she would be obligated to house him until that date.

These false statements persuaded her to withdraw her sponsorship, resulting in the plaintiff's continued and unnecessary confinement.

8. Shortly thereafter, on or about May 30, 2017, the defendant maliciously removed the plaintiff from the "J Dorm," which was the dormitory for DUI offenders, and on or about May 31, 2017, the defendant caused the plaintiff's name to be removed from the list of prisoners eligible for the aforesaid early release program although in fact the plaintiff remained eligible and should have been afforded access to that program. In both incidents, the defendant falsely and maliciously accused the plaintiff of being hostile and verbally abusive to her.

9. As a result of all the foregoing, the plaintiff was imprisoned for several months longer than he would have been imprisoned had the defendant not engaged in the conduct described above. As a further result, the plaintiff suffered a loss of employment opportunities and associated loss of income. As a further result, the plaintiff suffered emotional distress.

10. In the manner described above, the defendant deprived the plaintiff of his liberty without either procedural or substantive due process of law and subjected him to cruel and unusual punishment, all in violation of the Eighth and Fourteenth Amendments to the United States Constitution as enforced through Sections 1983 and 1988 of Title 42 of the United States Code.

WHEREFORE, the plaintiff claims judgment against the defendant for compensatory damages, punitive damages, attorney fees and costs.

THE PLAINTIFF

BY: /s/ John R. Williams
JOHN R. WILLIAMS (ct00215)
51 Elm Street
New Haven, CT 06510
203.562.9931
Fax: 203.776.9494
jrw@johnrwilliams.com